

**CORPORATION SERVICE COMPANY®**

**TMM / ALL**
**Transmittal Number: 13556112**
**Date Processed: 03/11/2015**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Pamela Hoff<br>The Travelers Companies, Inc.<br>385 Washington Street, MC 515A<br>Saint Paul, MN 55102 |

| | |
|---|---|
| **Entity:** | The Travelers Home and Marine Insurance Company<br>Entity ID Number 2317358 |
| **Entity Served:** | The Travelers Home and Marine Insurance Company |
| **Title of Action:** | Enoc Torres vs. The Travelers and Marine Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Denton County District Court, Texas |
| **Case/Reference No:** | 15-01267-158 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/10/2015 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Rene M. Sigman<br>713-714-0000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

DELIVERED MAR 1 0 2015

# CITATION – Personal Service: TRC 99 and 106

THE STATE OF TEXAS                                                    COUNTY OF DENTON

CAUSE NO. 15-01267-158

**TO: The Travelers Home and Marine Insurance Company, by serving its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| | |
|---|---|
| Court: | 158th Judicial District Court<br>1450 E, McKinney, 3rd Floor, Denton, TX 76209 |
| Cause No.: | 15-01267-158 |
| Date of Filing: | February 17, 2015 |
| Document: | Plaintiff's Original Petition |
| Parties in Suit: | Enoc Torres; The Travelers Home And Marine Insurance Company; Michael Jakubowski |
| Clerk: | Sherri Adelstein, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or Party's Attorney: | Rene M. Sigman<br>3810 W. Alabama Street, Houston, Texas 77027 |

Issued under my hand and seal of this said court on this the 18th day of February, 2015.

Sherri Adelstein, District Clerk
Denton, Denton County, Texas

_Cameron Welter_____, Deputy

Cameron Welter

## Service Return

Came to hand on the _____ day of _____, 20___ , at _____m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the within named _____ _____ in person a true copy of this citation, with attached copy(ies) of the Plaintiff's Original Petition at _____

Service Fee: $ _____          _____ Sheriff/Constable
                                    _____ County, Texas

Service ID No. _____          _____
                                              Deputy/Authorized Person

## VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 20__
_____ Notary Public



FILED: 2/19/2015 10:26:44 AM
SHERRI ADELSTEIN
Denton County District Clerk
By: Joanna Price, Deputy

CAUSE NO. 15-01267-158

| | | |
|---|---|---|
| ENOC TORRES,<br>  Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | |
| | § | DENTON COUNTY, TEXAS |
| THE TRAVELERS AND MARINE<br>INSURANCE COMPANY AND<br>MICHAEL JAKUBOWSKI,<br>  Defendants. | §<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Enoc Torres ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of The Travelers Home and Marine Insurance Company ("Travelers") and Michael Jakubowski ("Jakubowski") (collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.  Plaintiff Enoc Torres is an individual residing in Denton County, Texas.

3.    Defendant Travelers is an insurance company engaging in the business of insurance in the State of Texas.  This defendant may be served with personal process, by a process server, by serving its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.    Defendant Michael Jakubowski is an individual residing in and domiciled in the State of Connecticut.  This defendant may be served with personal process by a process server at his place of residence at 670 Wolocott Hill Rd., Weathersfield, Connecticut 06109.

## JURISDICTION

5.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend his petition during and/or after the discovery process.

6.    The Court has jurisdiction over Defendant Travelers because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

7.    The Court has jurisdiction over Defendant Jakubowski because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8.      Venue is proper in Denton County, Texas, because the insured property is situated in Denton County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.      Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Travelers.

10.     Plaintiff owns the insured property, which is specifically located at 2700 Moncayo, Denton, Texas 76209, in Denton County (hereinafter referred to as "the Property").

11.     Travelers sold the Policy insuring the Property to Plaintiff.

12.     On or about April 3, 2014, a hail storm and/or windstorm struck Denton County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence.  Specifically, Plaintiff's roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home and garage including, but not limited to, the home's ceilings, walls, insulation, and flooring.  Plaintiff's home also sustained substantial structural and exterior damage during the storm, as well as damage to the fence.  After the storm, Plaintiff filed a claim with his insurance company, Travelers, for the damages to his home caused by the hail storm and/or windstorm.

13.     Plaintiff submitted a claim to Travelers against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the hail storm and/or windstorm.

14.   Plaintiff asked that Travelers cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the roof and repair of the fence and interior water damages to the Property, pursuant to the Policy.

15.   Defendant Travelers assigned Defendant Jakubowski as the individual adjuster on the claim.  The adjuster assigned to Plaintiff's claim was improperly trained and failed to perform a thorough investigation of Plaintiff's claim.   Jakubowski conducted a substandard inspection of Plaintiff's property.  For example, Jakubowski spent forty five (45) minutes inspecting Plaintiff's entire Property for damages.   Jakubowski both underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate.  Ultimately, Jakubowski's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained, which failed to include all of Plaintiff's damages noted upon inspection.  Jakubowski's inadequate investigation of the claim was relied upon by Travelers in this action and resulted in Plaintiff's claim being undervalued and underpaid.

16.   Together, Defendants Travelers and Jakubowski set about to deny and/or underpay on properly covered damages.  As a result of these Defendants' unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiff to repair his home, Plaintiff's claim was improperly adjusted.  The mishandling of Plaintiff's claim has also caused a delay in his ability to fully repair his home, which has resulted in additional damages.  To this date, Plaintiff has yet to receive the full payment to which he is entitled under the Policy.

Page 4

17.    As detailed in the paragraphs below, Travelers wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, Travelers underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

18.    To date, Travelers continues to delay in the payment for the damages to the property.  As such, Plaintiff has not been paid in full for the damages to his home.

19.    Defendant Travelers failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Travelers' conduct constitutes a breach of the insurance contract between Travelers and Plaintiff.

20.    Defendants Travelers and Jakubowski misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.  Defendants Travelers' and Jakubowski's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

21.    Defendants Travelers and Jakubowski failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants Travelers' and Jakubowski's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

22.     Defendants Travelers and Jakubowski failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants Travelers and Jakubowski failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants Travelers and Jakubowski did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendants Travelers' and Jakubowski's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

23.     Defendants Travelers and Jakubowski failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Travelers and Jakubowski.  Defendants Travelers' and Jakubowski's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

24.     Defendants Travelers and Jakubowski refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants Travelers and Jakubowski failed to conduct a reasonable investigation.   Specifically, Defendants Travelers and Jakubowski performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendants Travelers' and Jakubowski's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

25.   Defendant Travelers failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim.  Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

26.   Defendant Travelers failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.  Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

27.   Defendant Travelers failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for his claim.  Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

28.   From and after the time Plaintiff's claim was presented to Defendant Travelers, the liability of Travelers to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Travelers has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Travelers' conduct constitutes a breach of the common law duty of good faith and fair dealing.

29.     Defendants Travelers and Jakubowski knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

30.     As a result of Defendants Travelers' and Jakubowski's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

31.     Plaintiff's experience is not an isolated case.   The acts and omissions Travelers committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Travelers with regard to handling these types of claims.   Travelers' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST JAKUBOWSKI

##### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32.     Defendant Travelers assigned Defendant Jakubowski to adjust the claim.   Defendant Jakubowski was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages.   During the investigation, the adjuster failed to properly assess Plaintiff's hail storm and/or windstorm damages.   The adjuster also omitted covered damages from his reports, including many of Plaintiff's interior damages.   In addition, the damages that the adjuster did include in the estimate were severely underestimated.

33.   Defendant Jakubowski's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

34.   Defendant Jakubowski is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Travelers, because he is a "person" as defined by TEX. INS. CODE §541.002(2).   The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).   (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.   Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using his own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.   Defendant Jakubowski's unfair settlement practice, as described above, of misrepresenting to

Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

36.    Defendant Jakubowski's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37.    Defendant Jakubowski failed to explain to Plaintiff the reasons for his offer of an inadequate settlement. Specifically, Defendant Jakubowski failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Defendant Jakubowski, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38.    Defendant Jakubowski's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

39.  Defendant Jakubowski did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff to Travelers. Defendant Jakubowski's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

40.  Plaintiff is not making any claims for relief under federal law.

### FRAUD

41.  Defendants Travelers and Jakubowski are liable to Plaintiff for common law fraud.

42.  Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as he did, and which Defendants Travelers and Jakubowski knew were false or made recklessly without any knowledge of their truth as a positive assertion.

43.  The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

44.  Defendants Travelers and Jakubowski are liable to Plaintiff for conspiracy to commit fraud.  Defendants Travelers and Jakubowski were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose

by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants Travelers and Jakubowski committed an unlawful, overt act to further the object or course of action.  Plaintiff suffered injury as a proximate result.

**CAUSES OF ACTION AGAINST TRAVELERS ONLY**

45.     Defendant Travelers is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

**BREACH OF CONTRACT**

46.     Defendant Travelers' conduct constitutes a breach of the insurance contract made between Travelers and Plaintiff.

47.     Defendant Travelers' failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Travelers' insurance contract with Plaintiff.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

48.     Defendant Travelers' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

49.     Defendant Travelers' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

50.     Defendant Travelers' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Travelers' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

51.     Defendant Travelers' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

52.     Defendant Travelers' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

53.     Defendant Travelers' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

54.     Defendant Travelers' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

55.   Defendant Travelers' failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

56.   Defendant Travelers' failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

57.   Defendant Travelers' delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

58.   As referenced and described above, and further conduct throughout this litigation and lawsuit, Jakubowski is an agent of Travelers based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

59.   Separately, and/or in the alternative, as referenced and described above, Travelers ratified the actions and conduct of Jakubowski, including the completion of his duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

60.   Defendant Travelers' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

61.    Defendant Travelers' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Travelers knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

62.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

63.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

64.    As previously mentioned, the damages caused by the April 3, 2014, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants Travelers' and Jakubowski's mishandling of Plaintiff's claim in violation of the laws set forth above.

65.    For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

66.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages.  TEX. INS. CODE §541.152.

67.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

68.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

69.    For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

70.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

71.    Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Denton County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

**WRITTEN DISCOVERY**

<u>**REQUESTS FOR DISCLOSURE**</u>

72.    *Plaintiff's Request for Disclosure to Defendant The Travelers Home and Marine Insurance Company* is attached as "Exhibit A."  *Plaintiff's Request for Disclosure to Defendant Michael Jakubowski* is attached as "Exhibit A-1."

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

MOSTYN LAW

 /s/ René M. Sigman
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

**"EXHIBIT A"**

CAUSE NO._____

| | | |
|---|---|---|
| ENOC TORRES,<br>    **Plaintiff,** | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| **v.** | §<br>§ | |
| | § | DENTON COUNTY, TEXAS |
| **THE TRAVELERS AND MARINE**<br>**INSURANCE COMPANY AND**<br>**MICHAEL JAKUBOWSKI,** | §<br>§<br>§ | |
|     **Defendants.** | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT
### THE TRAVELERS HOME AND MARINE INSURANCE COMPANY

TO:    DEFENDANT THE TRAVELERS HOME AND MARINE INSURANCE COMPANY,
by and through its Registered Agent, Corporation Service Company, 211 East 7th Street,
Suite 620, Austin, Texas 78701.

        Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the
above-named Defendant, The Travelers Home and Marine Insurance Company (hereinafter
referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this
request, the information or material described in Rule 194.2.

                      Respectfully submitted,

                      **MOSTYN LAW**

                      _/s/ René M. Sigman_
                      René M. Sigman
                      State Bar No. 24037492
                      3810 W. Alabama Street
                      Houston, Texas 77027
                      (713) 714-0000 (Office)
                      (713) 714-1111 (Facsimile)

                      **ATTORNEY FOR PLAINTIFF**

**"EXHIBIT A-1"**

**CAUSE NO._____**

| | | |
|---|---|---|
| ENOC TORRES, | § | IN THE DISTRICT COURT OF |
|     **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **DENTON COUNTY, TEXAS** |
| THE TRAVELERS AND MARINE | § | |
| INSURANCE COMPANY AND | § | |
| MICHAEL JAKUBOWSKI, | § | |
|     **Defendants.** | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT MICHAEL JAKUBOWSKI

TO:    DEFENDANT MICHAEL JAKUBOWSKI, 670 Wolocott Hill Rd., Weathersfield, Conneticut 06109.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, Michael Jakubowski (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

**MOSTYN LAW**

  */s/ René M. Sigman*_____
René M. Sigman
State Bar No. 24037492
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

FILED: 3/30/2015 11:26:47 AM
CHRIS PAGELSTEIN
Denton County District Clerk
By: Kelly Smith, Deputy

Cause No. 15-01267-158

| | | |
|---|---|---|
| ENOC TORRES | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| v. | § | DENTON COUNTY, TEXAS |
| | § | |
| THE TRAVELERS HOME AND MARINE | § | |
| INSURANCE COMPANY AND | § | |
| MICHAEL JAKUBOWSKI | § | |
| Defendants | § | 158th JUDICIAL DISTRICT |

### THE TRAVELERS HOME AND MARINE INSURANCE COMPANY AND MICHAEL JAKUBOWSKI'S ORIGINAL ANSWER, SPECIAL EXCEPTIONS, AND DEFENSES

The Travelers Home and Marine Insurance Company ("Travelers") and Michael Jakubowski ("Jakubowski"), collectively referred to herein as "Defendants," file this Original Answer, Special Exceptions, and Defenses pursuant to Texas Rules of Civil Procedure 91, 92, 93 and 94.  In support of this Answer Defendants show the following:

### I.
### GENERAL DENIAL

Pursuant to Tex. R. Civ. P. 92, Defendants generally deny the material allegations contained in Plaintiff's Original Petition (the "Petition"), including any supplementation or amendments, and demands strict proof by a preponderance of the evidence on all of Plaintiff's claims, if Plaintiffs can do so.

### II.
### DISCOVERY PLAN:  LEVEL TWO

The guidelines and constraints of Level Two classification under the Texas Rules of Civil Procedure 190 and any docket control order issued by the Court are proper and controlling for this lawsuit.  Plaintiff asserts in his Petition that discovery is to be conducted under Level Three.  Plaintiff's designation of Level Three is not automatic.  The commentary to Texas Rule of Civil

Procedure 190.6 provides:

> The initial pleading required by Rule 190.1 is merely to notify the court and other parties of the plaintiff's intention; it does not determine the applicable discovery level or bind the court or other parties.

Plaintiff's statement in the initial paragraph of the Petition that the case is to be governed by Level Three does not make Level Three applicable, as a case can be in Level Three only by court order.

This case is not complex, nor does it require extensive discovery. This lawsuit simply involves allegations that Plaintiff is entitled to benefits under the insurance policy at issue (the "Policy"). The case is not appropriate for a Level Three designation, and Defendants oppose Plaintiff's attempt to have the Court designate it as such.

**III.
SPECIAL EXCEPTIONS**

**FIRST SPECIAL EXCEPTION
Failure to Perform Conditions Precedent**

To the extent a policy exists that provides coverage to Plaintiff, Plaintiff's claims are barred in whole or in part because Plaintiff failed to comply with all conditions precedent to any right to recover under the insurance policy. Plaintiff failed to prove that the alleged loss was a covered loss, and failed to segregate the portion of the alleged loss that was covered from uncovered losses.

Plaintiff failed to provide Defendants with written notice 60 days before the date the lawsuit was filed as required by the Section 541.154 of the Texas Insurance Code. Further, Plaintiff failed to provide Defendants with written notice 30 days before the date the lawsuit was filed as required by Section 38.002 of the Texas Civil Practice and Remedies Code. As such Plaintiff is not entitled to attorney's fees pursuant to the Texas Civil Practices and Remedies

Code or the Texas Insurance Code.

## SECOND SPECIAL EXCEPTION
### Plaintiff's Breach of Contract Claim

Travelers specially excepts to the breach of contract cause of action in the Petition in which Plaintiff vaguely and generally allege that Travelers breached a contract of insurance. This vague and indefinite breach of contract claim fails to provide: (1) fair notice of the elements and facts of the loss allegedly sustained by Plaintiffs; (2) fair notice of facts showing Plaintiff's alleged loss was covered under the terms of the insurance contract at issue; or (3) fair notice of the acts or omissions by Travelers that amount to a breach of its contractual obligations, if any, to Plaintiff.[1]

The basic elements of a cause of action for breach of contract are: (1) there is a valid enforceable contract; (2) plaintiffs performed their contractual obligations; (3) defendant committed a material breach of the contract; and (4) defendant's breach caused the injury for which plaintiffs seek damages.  Plaintiff should be required to amend the breach of contract claim and state with particularity: (1) the facts and elements supporting his alleged loss; (2) the facts demonstrating the portion of the losses covered by the contract of insurance in question; (3) the acts or omissions by Travelers that allegedly amounted to a breach of the contract, if any; and (4) the maximum amount of damages sought by Plaintiff for the alleged breach.  Plaintiff should further be required to plead such facts as are necessary to identify the date(s) the causes of action accrued.

---

[1] *Subia v. Texas Dept. Of Human Serv.*, 750 S.W.2d 827, 829 (Tex. App. – El Paso 1988, no writ) (trial court can order the Plaintiff to specifically plead a cause of action which is originally pled in general terms).

## THIRD SPECIAL EXCEPTION
## Plaintiff's Claim for Breach of Duty of Good Faith and Fair Dealing

Travelers specially excepts to Plaintiff's Petition to the extent it includes a claim for breach of the duty of good faith and fair dealing because Plaintiff failed to plead all of the elements of this cause of action.  The elements for common law bad faith claims are as follows: (1) there was an insurance contract between the plaintiff (insured) and the defendant (insurer) that created a duty of good faith and fair dealing; and (2) defendant breached its duty when it:

    a.    denied or delayed payment when liability was reasonably clear, or

    b.    canceled an insurance policy without a reasonable basis; and

    c.    defendant's breach was the proximate cause of plaintiff's damages.[2]

To the extent Plaintiff intended to include a claim for breach of the duty of good faith and fair dealing, Plaintiff failed to give Travelers fair notice of the elements, facts, and circumstances supporting the bad faith claim.  Plaintiff should be required to file an amended pleading that sets forth the elements, facts, and evidence in support of Plaintiff's claim for breach of the duty of good faith and fair dealing, and all related damages.[3]

## FOURTH SPECIAL EXCEPTION
## Plaintiff's Claim for Noncompliance with Texas Insurance Code

Defendants specially except to the causes of action in the Petition for noncompliance with the Texas Insurance Code, because Plaintiff's claims regarding Defendants' alleged Insurance Code violations are deficient.  The elements of a cause of action for violation of

---

[2] *See State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998); *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50-51 (Tex. 1997) (elements 1-2); *Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 284 (Tex. 1994) (elements 1-2); *Arnold v. National Cty. Mut. Fire Ins. Co.*, 725 S.W. 2d 164, 167 *(Tex. 1987); *See also Aranda v. Insurance Co. of N. Am.*, 748 S.W. 2d 210, 212-12 (Tex. 1988).

[3] *See Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983) (special exceptions are the proper vehicles to question the legal sufficiency of a cause of action in Plaintiff's petition); *Mosely v. Hernandez*, 797 S.W.2d 240, 242 (Tex. App. – Corpus Christi 1990, no writ); and *Spencer v. City of Seagoville*, 700 S.W.2d 953, 957 (Tex. App. – Dallas 1985, no writ) (if the plaintiff does not plead all of the elements of its causes of action, a Defendant may file special exceptions to require plaintiff to plead specifically).

Chapter 541 of the Texas Insurance Code are: (1) plaintiff is a "person" as defined by Texas Insurance Code Section 541.002(2); (2) defendants' acts or practices violated a section of the Texas Insurance Code, violated section 17.46(b) of the Texas Business and Commerce Code, or a tie-in provision of the Business & Commerce Code; and (3) defendants' alleged acts or practices were a producing cause of actual damage to plaintiff.[4]   To the extent Plaintiff intended to include a claim for breach of Chapter 541 of the Texas Insurance Code, Plaintiff fails to give fair notice of the facts and circumstances supporting the alleged violation(s).   Plaintiff should be required to file an amended pleading that sets forth facts in support of Plaintiff's claim for Defendants' alleged violations of Section 541 of the Texas Insurance Code, and the damage claimed from such violations.

Defendants further specially except to the causes of action in the Petition for noncompliance with Section 542 of the Texas Insurance Code (the Prompt Payment Statute), because Plaintiff's vague and indefinite claims regarding Defendants' alleged violations of Section 542 are deficient.[5]   Plaintiff fails to give fair notice of the facts and circumstances supporting the alleged violation(s) of Section 542.   Plaintiff should be required to file an amended pleading that sets forth facts in support of Plaintiff's claim for Defendants' alleged violations of Section 542 of the Texas Insurance Code, and the damage claimed from such violations.

---

[4] TEX. INS. CODE Art. 21.21, section 2(a), 16; TEX. BUS. & COM. Code section 17.46(b); *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 383 (Tex. 1999); *Celtic Life Ins. Co. v. Coats*, 885 S.W.2d 96, 99 (Tex. 1994); *Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 147 (Tex. 1994).
[5] *Subia v. Texas Dept. of Human Services*, 750 S.W.2d 827, 829 (Tex. App. – El Paso, 1988, no writ) (allegations solely tracking statutory grounds did not give Defendant fair notice of facts and circumstances.

Further, Plaintiff alleges only generally that Defendants violated subparts of the Texas Insurance Code, but fails to allege any facts predicating these claims.  Plaintiff should be required to file an amended pleading that sets forth the elements, facts, and evidence in support of his claims for Defendants' alleged Insurance Code violations, and all related alleged damages.

### FIFTH SPECIAL EXCEPTION
### Plaintiff's Claim for Punitive or Exemplary Damages

Defendants specially except to Plaintiff's claim for an award of punitive or exemplary damages.  Plaintiff fails to give Defendants fair notice of what conduct allegedly entitles Plaintiff to a punitive or exemplary damage award.  Plaintiff should be required to re-plead and state with particularity the elements, facts, and evidence allegedly warranting the imposition of punitive or exemplary damages.[6]

### SIXTH SPECIAL EXCEPTION
### Plaintiff's Claims for Knowing Conduct

Defendants specially except to Plaintiff's claims that Defendants acted knowingly, as the term is used in the Texas Insurance Code, because no facts were provided to give fair notice of Plaintiff's claims.  Defendants requests that Plaintiff be required to file an amended pleading that sets forth each element and supporting facts for these claims of knowing conduct.

### SEVENTH SPECIAL EXCEPTION
### Plaintiff's Claims for Fraud and Conspiracy to Commit Fraud

Defendants specially except to Plaintiff's Petition because there are no facts supporting Plaintiff's claims for fraud, or conspiracy to commit fraud.  Plaintiff failed to plead the necessary elements of such causes of action, namely (1) what Defendants misrepresented; and (2) how Plaintiff was induced in some manner to act as the result of such acts.  Accordingly, Plaintiff's

---

[6] *See Castleberry v. Goolsby Bldg. Corp.*, 617 S.W.2d 665, 666 (Tex. 1981) (in a suit to recover exemplary damages, Plaintiff must sufficiently allege allegations of misconduct warranting imposition of same).

Petition fails to give fair notice of his claim.  In addition, Plaintiff failed to identify the maximum amount of damages sought by Plaintiff for Defendants' alleged fraud and conspiracy to commit fraud.

## IV.
## DEFENSES

### FIRST DEFENSE
### Failure to State a Claim

Plaintiff's causes of action are barred in whole or in part because Plaintiff fails to state a claim on which relief can be granted.  Plaintiff fails to describe how Travelers' alleged breach of the insurance contract could be converted to support any other causes of action including but not limited to breach of the duty of good faith and fair dealing, or violations under the Texas Insurance Code or the Texas Deceptive Trade Practices Act by either of the Defendants.

### SECOND DEFENSE
### Policy Provisions Limit or Preclude Coverage

The insurance policy issued by Travelers includes exclusions and provisions that preclude or limit coverage in whole or in part.

### THIRD DEFENSE
### *Bona Fide* Controversy/Liability Not "Reasonably Clear"

As to Plaintiff's extra-contractual claims alleging bad faith, a *bona fide* controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to insurance benefits. Defendants have the right to value claims differently from those asserting claims under the policy without facing bad faith liability.  Defendants will show that a *bona fide* controversy existed regarding the alleged covered loss.

## FOURTH DEFENSE
### Due Process

To the extent Plaintiff prays for punitive or exemplary damages, Defendants invoke their rights under the Due Process Clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution. Defendants affirmatively plead that Plaintiff's claim for punitive or exemplary damages violates the Due Process Clauses of the Fifth and Fourteenth Amendments inasmuch as:

1.      Punitive or exemplary damages can be assessed in an amount left to the discretion of the jury and judge;

2.      A jury award of punitive or exemplary damages need only be based on vote of ten jurors and does not require a unanimous verdict;

3.      To obtain an award of punitive or exemplary damages, Plaintiff need to only prove the theory of gross negligence on a "preponderance of the evidence" standard and not to the "beyond a reasonable doubt" standard as should be required in assessing a punishment award;

4.      Travelers, its officers, and Jakubowski do not have the right to refuse to testify against themselves, but must in fact take the stand and/or give deposition testimony or subject the company to the consequences of a default judgment;

5.      The assessment of punitive or exemplary damages is not based on a clearly defined statutory enactment setting forth a specific intentionality requirement or the specific prerequisites for such a finding and in effect, such damages can be awarded even though there are no special standards, limits or other statutory requirements to define the means and scope and limit of such awards, rendering such awards unduly vague and unsupportable under the requirements of due process; and

6.      In essence, Defendants are subject to all of the hazards and risks of what amounts to a fine, and in fact, such awards often exceed normal criminal fines, but Defendants receive none of the basic rights accorded to criminal defendants when they are subjected to possible criminal penalties.

## FIFTH DEFENSE
### Equal Protection

To the extent Plaintiff prays for punitive or exemplary damages, that request should be denied because it violates Defendants' equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States, the provisions of the Eighth Amendment to the Constitution of the United States, and the Constitution of the State of Texas, Article I, Sections 13 and 19.

## SIXTH DEFENSE
### Punitive Damage Limitation

Any award of punitive or exemplary damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §§ 41.002-41.009.

## SEVENTH DEFENSE
### Damage Limitation

Plaintiff's contract damages, if any, are limited by the amount set forth in the limitations provisions of the applicable insurance policy. Plaintiff's contract damages cannot exceed the applicable policy limits.

## EIGHTH DEFENSE
### Absence of Policy Coverage Precludes Extra-Contractual Liability

The existence of coverage for Plaintiff's insurance claim is necessary to establish any basis for Plaintiff's extra-contractual and Insurance Code claims. Because Plaintiff's allegations are generally based on Defendants' alleged failure to investigate the claim and pay policy benefits, the existence of any applicable exclusions, or the absence of coverage for any additional

benefits under the Policy precludes Plaintiff's Insurance Code and all other extra-contractual claims against Defendants.

**NINTH DEFENSE**
**Failure to Satisfy Conditions Precedent**

Plaintiff did not plead with specificity the performance or occurrence of all conditions precedent to recovery under the Policy.[7]  Defendants demand strict proof that each and every condition precedent was performed or has occurred.[8]

**TENTH DEFENSE**
**Failure to Provide Pre-Suit Notice**

Plaintiff failed to provide Defendants with statutorily compliant written notice 60 days before the date the lawsuit was filed as required by Section 541.154 of the Texas Insurance Code.  This case should therefore be abated until the 60th day after the date of service of a claim notice letter that complies with the notice requirements of Section 541.154 of the Texas Insurance Code.  Because Plaintiff failed to provide the statutorily complaint pre-litigation demand, Plaintiff is precluded from recovering attorney's fees and expenses in this matter.

Further, Plaintiff failed to provide Defendants with written notice 30 days before the date the lawsuit was filed as required by Section 38.002 of the Texas Civil Practice and Remedies Code.  As such, Plaintiff is precluded from recovering attorney's fees pursuant to the Texas Civil Practice and Remedies Code.

**ELEVENTH DEFENSE**
**Credit and Offset**

In the unlikely event Plaintiff should prevail on any of his claims and be awarded any damages, Defendants expressly plead for and are entitled to a credit and offset for all amounts previously paid to Plaintiff by Defendants or third parties.

---

7 *See* TEX. R. CIV. P. 54.
8 *See Grimm v. Grimm*, 864 S.W.2d 160, 162 (Tex. App.—Houston [14[th] Dist.] 1993, no writ).

## TWELFTH DEFENSE
### Payments/Accord and Satisfaction

Alternatively, and without waiving the foregoing, Defendants affirmatively plead the defenses of payment, and accord and satisfaction.  Any previous payments to Plaintiff are a defense to Plaintiff's claims for damages.  Any previous payments to Plaintiff are an accord and satisfaction of Plaintiff's damages to the extent of those payments.

## THIRTEENTH DEFENSE
### Reservation of Right to Appraisal

To the extent that Plaintiff presents evidence inconsistent with Defendants' investigation and conclusions regarding the amount of loss or cost of repair under the policy at issue, and the parties are unable to reach an agreement to resolve this matter, Travelers reserves, and does not waive, the right of any party to the insurance contract to invoke appraisal.  The policy contains an appraisal clause allowing either party to invoke the appraisal process in the event that there is disagreement concerning the amount of loss for covered losses under the policy.

WHEREFORE, Defendants, The Travelers Home and Marine Insurance Company and Michael Jakubowski, pray that on final trial and hearing, Plaintiff take nothing, and that Defendants recover their costs, fees, and expenses, and for such other and further relief to which Defendants may show themselves justly entitled, both in law and at equity.

*(signature on following page)*

Respectfully submitted,

LUGENBUHL, WHEATON, PECK, RANKIN &
     HUBBARD, A LAW CORPORATION

*/s/ Rebecca A. Moore*
Rebecca A. Moore
rmoore@lawla.com
Texas Bar No. 24031701
815 Walker Street, Suite 1447
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

ATTORNEYS FOR DEFENDANTS,
THE TRAVELERS HOME AND MARINE
INSURANCE COMPANY AND
MICHAEL JAKUBOWSKI

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this pleading has been forwarded via electronic filing or facsimile to all counsel of record, on this the 30th day of March, 2015 to:

René M.  Sigman
The Mostyn Law Firm
3810 W. Alabama St.
Houston, Texas 77027

*/s/  Rebecca A. Moore*
Rebecca A. Moore

12