**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **ENOC TORRES,** | § | |
|     **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:15-CV-00243** |
| | § | |
| **THE TRAVELERS AND MARINE** | § | **JURY** |
| **INSURANCE COMPANY AND** | § | |
| **MICHAEL JAKUBOWSKI,** | § | |
|     **Defendants.** | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, Enoc Torres ("Plaintiff"), and files this *Plaintiff's First Amended Complaint*, complaining of The Travelers Home and Marine Insurance Company ("Travelers") and Michael Jakubowski ("Jakubowski") (collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

**PARTIES**

1.     Plaintiff Enoc Torres is an individual residing in Denton County, Texas.

2.     Defendant Travelers is an insurance company engaging in the business of insurance in the State of Texas. This defendant is properly before the Court.

3.     Defendant Michael Jakubowski is an individual residing in and domiciled in the State of Connecticut. This defendant is properly before the Court.

## JURISDICTION

4. This case was originally filed in the District Court of Denton County, Texas, and all claims asserted arose under state law. Defendants removed asserting federal diversity jurisdiction pursuant to 28 U.S.C. §1332.

## VENUE

5. Venue is proper in this judicial district under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and the insured's property that is the subject matter of this suit is situated in this district.

## FACTS

6. Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Travelers.

7. Plaintiff owns the insured property, which is specifically located at 2700 Moncayo, Denton, Texas 76209, in Denton County (hereinafter referred to as "the Property").

8. Travelers sold the Policy insuring the Property to Plaintiff.

9. On or about April 3, 2014, a hail storm and/or windstorm struck Denton County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence ("the Storm"). Specifically, Plaintiff's roof sustained extensive damage during the Storm. Water intrusion through the roof caused significant damage throughout the home's entry and garage including, but not limited to, the ceilings, walls, insulation, and flooring. Plaintiff's home also sustained substantial structural and exterior damage during the Storm including, but not limited to, the siding, as well as damage to the fence, air conditioning unit, and storage shed. After the Storm, Plaintiff filed a claim with his insurance company, Travelers, for the damages to his home caused by the Storm.

10. Plaintiff submitted a claim to Travelers against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the Storm.

11. Plaintiff asked that Travelers cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the roof, air conditioning unit, and storage shed, as well as repair of the siding and interior water damages.

12. Defendant Travelers assigned Defendant Jakubowski as the individual adjuster on the claim. The adjuster assigned to Plaintiff's claim was improperly trained and failed to perform a thorough investigation of Plaintiff's claim. Jakubowski conducted a substandard inspection of Plaintiff's Property. For example, Jakubowski spent forty five (45) minutes inspecting Plaintiff's entire Property for damages. The inadequacy of Jakubowski's inspection is further evidenced by his report dated July 23, 2014, which failed to include all of Plaintiff's hail storm and/or windstorm damages noted upon inspection. For example, Jakubowski failed to include the damages to the home's interior, siding, fence, air conditioning unit, and storage shed in his report. Moreover, the damages that Jakubowski actually included in his report were grossly undervalued, in part because he both underestimated and undervalued the cost of materials required for necessary repairs, incorrectly applied material sales tax, and failed to include contractor's overhead and profit. Ultimately, Jakubowski's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained. Jakubowski also communicated with Plaintiff in a letter dates July 23, 2014, but fails to give Plaintiff any explanation as to why he failed to include and/or undervalued so many of Plaintiff's damages in his

report. Jakubowski's inadequate investigation of the claim was relied upon by Travelers in this action and resulted in Plaintiff's claim being undervalued and underpaid.

13. Defendant Travelers and its personnel failed to thoroughly review and properly oversee the work of the assigned adjusters, including Jakubowski, ultimately approving an improper adjustment and an inadequate, unfair settlement of Plaintiff's claim. Travelers misrepresented to Plaintiff that the adjuster's estimate included all of Plaintiff's properly covered Storm damages and made sufficient allowances to cover the cost of repairs to Plaintiff's Property pursuant to the Policy when, in fact, the estimate failed to include many of Plaintiff's properly covered Storm damages and allowed for an amount wholly insufficient to cover the cost of repairs to Plaintiff's Property.

14. Together, Defendants Travelers and Jakubowski set about to deny and/or underpay on properly covered damages. As a result of these Defendants' unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiff to repair his home, Plaintiff's claim was improperly adjusted. The mishandling of Plaintiff's claim has also caused a delay in his ability to fully repair his home, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment to which he is entitled under the Policy.

15. As detailed in the paragraphs below, Travelers wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Travelers underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

16. To date, Travelers continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to his home.

17. Defendant Travelers failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Travelers' conduct constitutes a breach of the insurance contract between Travelers and Plaintiff.

18. Defendants Travelers and Jakubowski misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Travelers' and Jakubowski's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

19. Defendants Travelers and Jakubowski failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants Travelers' and Jakubowski's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

20. Defendants Travelers and Jakubowski failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants Travelers and Jakubowski failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Travelers and Jakubowski did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for

the failure to adequately settle Plaintiff's claim. Defendants Travelers' and Jakubowski's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21. Defendants Travelers and Jakubowski failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Travelers and Jakubowski. Defendants Travelers' and Jakubowski's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

22. Defendants Travelers and Jakubowski refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants Travelers and Jakubowski failed to conduct a reasonable investigation. Specifically, Defendants Travelers and Jakubowski performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendants Travelers' and Jakubowski's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

23. Defendant Travelers failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

24. Defendant Travelers failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25. Defendant Travelers failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for his claim. Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

26. From and after the time Plaintiff's claim was presented to Defendant Travelers, the liability of Travelers to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Travelers has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Travelers' conduct constitutes a breach of the common law duty of good faith and fair dealing.

27. Defendants Travelers and Jakubowski knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

28. As a result of Defendants Travelers' and Jakubowski's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

29. Plaintiff's experience is not an isolated case. The acts and omissions Travelers committed in this case, or similar acts and omissions, occur with such frequency that they

constitute a general business practice of Travelers with regard to handling these types of claims. Travelers' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST JAKUBOWSKI

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

30. Defendant Travelers assigned Defendant Jakubowski to adjust the claim. Defendant Jakubowski was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages. During the investigation, the adjuster failed to properly assess Plaintiff's Storm damages. The adjuster also omitted covered damages from his reports, including the damages to the home's interior, siding, fence, air conditioning unit, and storage shed. In addition, the damages that the adjuster did include in the estimate were severely underestimated.

31. Defendant Jakubowski's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

32. Defendant Jakubowski is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Travelers, because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Insurance Co. v. Garrison*

*Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

33. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using his own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Jakubowski's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

34. Defendant Jakubowski's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

35. Defendant Jakubowski failed to explain to Plaintiff the reasons for his offer of an inadequate settlement. Specifically, Defendant Jakubowski failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being

made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Defendant Jakubowski, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

36. Defendant Jakubowski's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

37. Defendant Jakubowski did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff to Travelers. Defendant Jakubowski's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

38. Plaintiff is not making any claims for relief under federal law.

### FRAUD

39. Defendants Travelers and Jakubowski are liable to Plaintiff for common law fraud.

40. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as he did, and which Defendants Travelers and Jakubowski knew were false or made recklessly without any knowledge of their truth as a positive assertion.

41. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

42. Defendants Travelers and Jakubowski are liable to Plaintiff for conspiracy to commit fraud. Defendants Travelers and Jakubowski were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants Travelers and Jakubowski committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST TRAVELERS ONLY

43. Defendant Travelers is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

44. Defendant Travelers' conduct constitutes a breach of the insurance contract made between Travelers and Plaintiff.

45. Defendant Travelers' failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Travelers' insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

46. Defendant Travelers' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

47. Defendant Travelers' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

48. Defendant Travelers' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Travelers' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

49. Defendant Travelers' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

50. Defendant Travelers' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

51. Defendant Travelers' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

52. Defendant Travelers' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

53. Defendant Travelers' failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

54. Defendant Travelers' failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

55. Defendant Travelers' delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount

of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

56. As referenced and described above, and further conduct throughout this litigation and lawsuit, Jakubowski is an agent of Travelers based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

57. Separately, and/or in the alternative, as referenced and described above, Travelers ratified the actions and conduct of Jakubowski, including the completion of his duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

58. Defendant Travelers' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

59. Defendant Travelers' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Travelers knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

60. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

**DAMAGES**

61. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

62. As previously mentioned, the damages caused by the Storm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants Travelers' and Jakubowski's mishandling of Plaintiff's claim in violation of the laws set forth above.

63. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

64. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE §541.152.

65. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

66. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

67. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

68. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

69. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury. Plaintiff previously tendered the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

**MOSTYN LAW**

  */s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record, pursuant to the Federal Rules of Civil Procedure on this, the 30th day of April, 2015.

  */s/ René M. Sigman*
René M. Sigman